# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARK NITKIEWICZ  )  )  )    Case No.  Plaintiff,  )  )  v.  )  )    Judge  SENTINEL TECHNOLOGIES, INC.  )  )  )  )    Magistrate Judge  )  Defendant.  ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, Mark Nitkiewicz, ("Nitkiewicz"), by his atttorneys, Gaffney & Gaffney P.C., on behalf of herself and all similarly situated employees, known and unknown, for her Complaint against Defendant, Sentinel Technologies, Inc. (Sentinel), states:

### Jurisdiction and Venue

1. This action is brought pursuant to the Fair Labor Standards Act, ("FLSA"), (29 U.S.C. § 201, *et. seq.*) to recover unpaid wages. This Court has arising under jurisdiction over Nitkiewicz's FLSA claim pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216 (b). Nitkiewicz also has a rising under jurisdiction on plaintiff's claim brought pursuant to the Family Medical Leave Act, 29 U.S.C. §2601, *et.seq.,* (FMLA). 28 U.S.C. §1331 and 29 U.S.C. §2617.

2. The Court also has supplemental jurisdiction over Nitkiewicz's state law claim for violation of the Illinois Minimum Wage Law, ("IMWL"), (820 ILCS 105/1, *et. seq.*), pursuant to 28 U.S.C. § 1367, which are so related to the federal claims in this action that they form part of

the same case or controversy under Article III of the Constitution of the United States of America.

3. Venue for this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 USCS § 1391, as this claim arose in this Judicial District in Downers Grove, DuPage County Illinois.

**Parties**

4. Nitkiewicz is a citizen of the State of Illinois and is a resident of St. Charles, Illinois.

5. Sentinel is an Illinois Corporation with its principle headquarters in Downers Grove, DuPage County, Illinois.

**Common Allegations**

6. Nitkiewicz was hired by Sentinel on or about July 24, 2017 at a rate of $100,000 per year.

7. During the tenure of his employment at Sentinel, Nitkiewicz performed the role of Solutions Architect Specialist.

8. Nitkiewicz employment was terminated on or about August 31, 2018.

9. During his tenure of employment at Sentinel, Nitkiewicz was paid a salary at the annual rate of $100,000 per year.

10. From on or about July 18, 2018 through August 31, 2018 Nitkiewicz was on short-term disability leave of absence because of a medical condition.

11. Other than the timeframe Nitkiewicz was on a medical leave of absence, Nitkiewicz regularly worked substantially in excessive of 40 hours per week.

## Count I – FLSA Action

Nitkiewicz, by his attorneys Gaffney & Gaffney, P.C., for her Count I Complaint brought pursuant to the Fair Labor Standards Act ("FLSA") against the Company, states:

1-13. Nitkiewicz incorporates herein Paragraphs 1 through 13 of the above Common Allegations as Paragraphs 1 through 13 of this Count I as if fully set forth herein, verbatim.

## Collective Action Under the FLSA

14. Nitkiewicz bring this case as a Collective Action under the FLSA on behalf of herself and the Collective Class, and in accordance with Section 16(b) of the FLSA, Nitkiewicz has given written consent to bring such an action which is attached as Exhibit A.

15. At all times relevant, the Sentinel substantially over fifty (50) or more employees, and its annual volume of sales or business exceeded $500,000.

16. At all times relevant, Nitkiewicz was an "employee" of the Sentinel as defined by the FLSA. 29 U.S.C. § 203(e).

17. At all times relevant, the Collective Class are/were "employees" of the Defendants as defined by 29 U.S.C. § 203(e).

18. At all times relevant, the Sentinel was an "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

19. Nitkiewicz worked in excess of forty (40) hours per week on a regular basis and Sentinel directed or knowingly permitted Nitkiewicz to regularly work in excess of forty (40) hours per week.

20. Nitkiewicz was entitled to be paid overtime wages at the rate of one and one-half times her regular rate of pay for all her hours worked in excess of forty (40) hours per week.

21. Sentinel violated the FLSA by failing to pay Nitkiewicz an overtime rate of not less than one and one-half times her regular rate for all of hours worked in excess of 40 per week.

22. Sentinel's failure to pay overtime wages for Nitkiewicz's hours worked in excess of 40 hours per week was a willful violation of the FLSA.

23. Sentinel's violation of the FLSA was willful and intentional. In addition to wages due and owing, Nitkiewicz is also entitled to an award of liquidated damages in an amount equal to the amount of unpaid wages due, attorney fees, litigation expenses and costs of suit.

24. Nitkiewicz demands trial by Jury on Count I.

WHEREFORE, Nitkiewicz respectfully requests on his own behalf and on behalf of the Collective Class that this Honorable Court declare Sentinel be in violation of the FLSA and to:

   a. Enter a judgement in the amount of unpaid wages and overtime wages for all time worked by Nitkiewicz and others in the Collective Class for work performed in excess of forty (40) hours in individual work weeks and wages due for unpaid hours;

   b. Award liquidated damages to Nitkiewicz and others in the Collective Class in an amount equal to the amount of unpaid wages;

   c. Award attorneys' fees and costs; and

   d. Grant such additional or alternative relief as this Honorable Court deems just and proper under the instant circumstances.

**Count II – Illinois Minimum Wage Law, ("IMWL"), Action**

Nitkiewicz, by his attorneys, Gaffney & Gaffney P.C., for her Count II Complaint brought pursuant to the IMWL against Sentinel, states:

1-24. Nitkiewicz incorporates herein Paragraphs 1 through 24 of the above Count I as Paragraphs 1 through 24 of this Count II as if fully set forth herein, verbatim.

25. At all times relevant, Nitkiewicz was an "employee" of Sentinel as defined by the IMWL. 820 ILCS 105/3(d).

26. At all times relevant, Sentinel was an "employer" as that term is defined by the IMWL. 820 ILCS 105/3(c).

27. This Count arises from Sentinel's failure to pay Nitkiewicz overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

28. Sentinel violated the IMWL by failing to pay Nitkiewicz overtime wages at a rate at one and one-half times her regular rate of pay for hours worked in excess of 40 hours per week.

29. Nitkiewicz has not filed an age claim with the Illinois Department of Labor against Sentinel.

30. Pursuant to 820 ILCS 105/12(a), Nitkiewicz is entitled to recover from the Company unpaid wages for three years prior to the filing of this suit plus penalties, attorney fees and costs of this action.

31. Nitkiewicz demands trial by Jury on Count II.

WHEREFORE, Nitkiewicz respectfully requests that this Honorable Court declare Sentinel to be in violation of the IMWL and is responsible for the following:

    a. A judgement in the amount of all wages due to Nitkiewicz for all hours worked and calculated properly with time and one-half due for all hours worked in excess of 40 per week as provided by the IMWL

    b. Award statutory damages for Nitkiewicz pursuant to the formula set forth in 820 ILCS 105/12(a) and 815 ILCS 205/2;

    c. Award attorneys' fees and costs of this action as provided by the IMWL; and

    d. Grant such other and further relief as this Honorable Court deems just and proper under the instant circumstances.

### Count III – PLAINTIFF'S FMLA CLAIM

Plaintiff, Mark Nitkiewicz by his attorneys, Gaffney and Gaffney, PC., for his claim brought against Sentinel pursuant to the Family Medical Leave Act, states:

### Jurisdiction and Venue

1. This action is brought pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601, *et. seq.*, ("FMLA").

2. SENTINEL, at all relevant times, employed more than 50 employees within seventy-five miles of its headquarters in Downers Grove, Illinois.

3. As of July 24, 2018, NIKIEWICZ was employed for at least 12 months at SENTINEL.

4. As of July 24, 2018, NIKIEWICZ had worked in excessive of 1250 hours of service within the preceding year.

5. At all relevant times, SENTINEL is an "employer" within the meaning of the FMLA. 29 U.S.C. § 2611(4)(a)(iii).

6. At all relevant times, NITKIEWICZ was an employee of SENTINEL under the FMLA. 29 U.S.C. § 2611(2)(A).

7. In July, 2018 NIKIEWICZ notified SENTINEL that he had a serious medical condition

8. On or about July 9, 2018, NITKIEWICZ went on a medical leave of absence arising out of his own serious medical condition.

9. Between July 9, 2018 and July 16, 2018, NITKIEWICZ used his remaining personal days, sick days and vacation days for his compensation.

10. Beginning on or about July 18, 2018 NITKIEWICZ qualified for benefits under SENTINEL's short-term disability plan.

11. In July and August, 2018, SENTINEL was aware that NIKIEWICZ had a serious medical condition and that he qualified for protection under the Family Medical Leave Act (FMLA).

12. Despite knowing that NIKIEWICZ qualified for the protection under the Family Medical Leave Act, SENTINEL never provided NIKIEWICZ with a notice of eligibility, rights and responsibilities under the Family Medical Leave Act in violation of the FMLA and regulations adapted thereunder. 29 C.F.R.§ 825.300.

13. On or about August 30, 2018, SENTINEL terminated NIKIEWICZ for the pretextual reasons of job elimination.

14. SENTINEL violated the FMLA and interfered with NIKIEWICZ rights under the FMLA by failing to provide NIKIEWICZ with an FMLA notice of rights and responsibilities.

7

15. SENTINEL interfered with NIKIEWICZ rights under the FMLA by terminating his employment while he was eligible for an FMLA leave of absence.

16. In July and August 2018, SENTINEL knew that NIKIEWICZ was eligible for FMLA protection, knew that NIKIEWICZ had a serious medical condition that made him eligible for the FMLA and knew that NIKIEWICZ was seeking protection under the FMLA. Notwithstanding that knowledge, SENTINEL purposely and intentionally failed and refused to provide NIKIEWICZ with an FMLA notice of rights and responsibilities or provide him any protection under the FMLA. Instead SENTINEL willfully and intentionally terminated the employment NIKIEWICZ for pretextual reasons so as to prevent NIKIEWICZ from obtaining eligible benefits under the FMLA which would have preserved his employment. These actions of SENTINEL were deliberate and willful. SENTINEL's conduct meets the "willful" standard of the FMLA as SENTINEL knew that its conduct was prohibited by the FMLA and SENTINEL showed reckless disregard for the rights of NIKIEWICZ under the FMLA.

17. As a direct and proximate result of SENTINEL actions, NIKIEWICZ has suffered and will continue to suffer substantial and irreparable injury, loss of income and other monetary benefits, and other compensatory damages.

18. Plaintiff demands trial by Jury on Count III.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court, as to Defendant:

A. Reinstate Plaintiff to the same or equivalent position as she had before she was terminated and grant Plaintiff a judgment in such sum as this Court may deem equitable and just for back-pay, back benefits, front pay and benefits, compensatory damages, and interest;

B.  Grant Plaintiff a judgment in such sum as this Court may deem equitable and just for liquidated damages;

C.  Award Plaintiff reasonable attorneys' fees and costs; and

D.  For such other and further relief as this Honorable Court deems equitable and just.

Respectfully submitted,

*/s/ Glenn R. Gaffney*_____
Glenn R. Gaffney
Attorney for Plaintiff

## JURY DEMAND

Nikiewicz demands trial by Jury on all Counts.

*/s/ Glenn R. Gaffney*_____
Glenn R. Gaffney
Attorney for Plaintiff

Glenn R. Gaffney (No. 6180598)
Justin R. Gaffney (No. 6281428)
Gaffney & Gaffney P.C.
1771 Bloomingdale Road,
Glendale Heights, IL 60139
(630) 462-1200 x 4
*glenn@gaffneylawpc.com*
*jk@gaffneylawpc.com*